Michael L. Crowley (SBN 117008)
Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
Crystal Nguyen

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL NGUYEN, an individual,<br><br>     Plaintiff,<br><br>     vs.<br><br>HOVG, LLC, dba BAY AREA CREDIT SERVICE, and DOES 1-10,<br><br>     Defendants. | **Case No.:**  '14CV0837 BTM RBB<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; among others.

2. Ms. Nguyen, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of HOVG, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

4. Plaintiff makes these allegations on information and belief and on Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Because Defendant does business within the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

8. Plaintiff, CRYSTAL NGUYEN, ("Plaintiff"), is a natural person residing in the City of San Diego, County of San Diego, and State of California.

9. Defendant HOVG, LLC, doing business as BAY AREA CREDIT SERVICE, LLC ("Defendant"), is a company doing business collecting

debts in California operating from an address at 1000 Abernathy Rd, Building 400, Suite 195, Atlanta, GA, 30328.

10. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant, Defendant conducted business within the State of California.

16. Sometime before September 1, 2013, Plaintiff is alleged to have incurred certain financial obligations.

///

///

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before September 1, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before September 1, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about September 16, 2013, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

23. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

24. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

25. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

26. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

27. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
28. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
29. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT

## (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.
31. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

32. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

33. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

///
///
///
///
///
///
///
///

1. • Any other relief that the court deems proper.
2. 34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Dated: April 8, 2014                              LAGUARDIA LAW

                                                 By:   s/Eric A. LaGuardia
                                                      ERIC A. LAGUARDIA
                                                      Attorneys for Plaintiff,
                                                      Crystal Nguyen