Andre L. Verdun (SBN 265436)
Michael L. Crowley (SBN 117008)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
CRYSTAL NGUYEN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL NGUYEN, an individual, | **Case No.:** 14CV0837BTM-RBB |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| HOVG, LLC, dba BAY AREA CREDIT SERVICE, and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

1. HOVG, LLC, dba BAY AREA CREDIT SERVICE is a debt collector that attempted to collect 10% interest against Plaintiff in violation of the Fair Debt Collection Practices Act. Plaintiff suffered actual injury by Defendant's attempted collection of illegal interest, which included anxiety, tension, and aggravation.

2. Plaintiff alleges on information and belief that Defendant engages in a business plan and practice of collecting interest illegally from consumers. Plaintiff believes discovery will show that Defendant engages in a wide-spread practice of demanding 10% interest from consumers without a judgment or contract authorizing the demand of interest.

3. According to 15 U.S.C. §1692:

   *(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*

   *(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

   *(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.*

   *(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.*

/ / /

/ / /

> *(e) It is the purpose of the title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection.*

4. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; among others.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Because Defendant does business within the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

8. Plaintiff, CRYSTAL NGUYEN, ("Plaintiff"), is a natural person residing in the City of San Diego, County of San Diego, and State of California.

9. Defendant HOVG, LLC, doing business as BAY AREA CREDIT SERVICE, LLC ("Defendant"), is a company doing business collecting debts in California operating from an address at 1000 Abernathy Rd, Building 400, Suite 195, Atlanta, GA, 30328.

10. Plaintiff is a consumer defined by both the Federal Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collection Practices Act.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. Sometime before September 1, 2013, Plaintiff is alleged to have incurred certain financial obligations. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before September 1, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

- 3 -
**FIRST AMENDED COMPLAINT**

Nguyen v. HOVG, LLC                                    14-cv-0837

18. Subsequently, but before September 1, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about September 16, 2013, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

20. The letter received by Plaintiff, and sent from Defendant, demanded that Plaintiff pay a principal payment of $1,298.05 and interest on the alleged debt they were attempting to collect in the amount of $14.39.

21. Plaintiff did not have a contract with the original creditor.

22. Neither Defendant nor anyone acting on the Defendant's behalf sued Plaintiff or otherwise obtained a judgment against Plaintiff.

23. 15 U.S.C. § 1692f(1) prohibits a debt collector from collecting interest against a consumer without the legal right to do so.

24. In California, the only way a debt collector can demand interest against a consumer is when they have a contract authorizing interest upon breach, or a judgment against the consumer. *Diaz v. Kubler Corp.*, __ F.Supp.2d __ , 12CV1742-MMA-BGS, 2013 WL 6038344 (S.D. Cal. Nov. 6, 2013).

25. Since Plaintiff did not sign a contract when she occurred the debt Defendant was attempting to collect, nor had a judgment against her for the debt, Defendant did not have a legal right to collect interest.

26. Violation of 15 U.S.C. § 1692f(1) violates the California Rosenthal Act. *Diaz* at slip op. at 9.

27. *Bona fide error* doesn't protect against misapplications of law, such as the belief Defendant had the legal right to charge interest. *Diaz* at slip op. at 8.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

31. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

32. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

33. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION
## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of

1  the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

2  36.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT
## (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

37.  Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

38.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

39.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

40.  WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- • An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- • Any other relief that the court deems proper.

Dated: **June 10, 2014**

       /s Andre L. Verdun
Andre Verdun
Attorney for Plaintiff
CRYSTAL NGUYEN

## **DEMAND FOR JURY TRIAL**

Plaintiff, CRYSTAL NGUYEN, by and through her attorneys, Andre L. Verdun and Eric LaGuardia, hereby demands a trial by jury in the above-captioned matter.

Dated: **June 10, 2014**

       /s Andre L. Verdun
Andre Verdun
Attorney for Plaintiff
CRYSTAL NGUYEN