David J. Kaminski (SBN: 128509)
kaminskid@cmtlaw.com
Tamar Gabriel (SBN: 266860)
gabrielt@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
HOVG, LLC d/b/a
BAY AREA CREDIT



FILED
JUN 20 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY X.   DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL NGUYEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>HOVG, LLC, dba BAY AREA CREDIT SERVICE, and Does 1 to 10,<br><br>Defendants.<br>S | CASE NO. 3:14-cv-00837-BTM-RBB<br><br>**DEFENDANT HOVG, LLC, D/B/A BAY AREA CREDIT SERVICE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

COMES NOW, Defendant HOVG, LLC d/b/a BAY AREA CREDIT SERVICE ("Defendant"), by and through its counsel of record, and hereby answers the First Amended Complaint for alleged violations of the Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices

Act (hereinafter, the "FAC"), filed by Plaintiff CRYSTAL NGUYEN ("Plaintiff") by admitting, denying, asserting, and alleging as follows:

## INTRODUCTION

1. Answering Paragraph 1 of Plaintiff's FAC, Defendant denies the allegations contained in said paragraph, which lack foundation, are vague, ambiguous, and constitute legal conclusions.

2. Answering Paragraph 2 of Plaintiff's FAC, Defendant denies the allegations contained in said paragraph, which lack foundation, are vague, ambiguous, and constitute legal conclusions.

3. Answering Paragraph 3 and subparagraphs (a)-(e) of Plaintiff's FAC, the allegations in said paragraph(s) are vague and ambiguous as to whether they contain any affirmative allegations against Defendant. To the extent that said paragraph(s) are deemed to contain any affirmative allegations against Defendant, Defendant denies them.

4. Answering Paragraph 4 of Plaintiff's FAC, Defendant admits that Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*; however, Defendant denies any violation thereof and Defendant denies any wrongdoing whatsoever. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

{00018450;1}

2

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Plaintiff's FAC, Defendant denies the allegations in said paragraph, which lack foundation and constitute a legal conclusion.

6. Answering Paragraph 6 of the Plaintiff's FAC, Defendant denies the allegations in said paragraph, which lack foundation and constitute a legal conclusion.

7. Answering Paragraph 7 of the Plaintiff's FAC, Defendant denies the allegations in said paragraph as they lack foundation and constitute a legal conclusion.

## PARTIES

8. Answering Paragraph 8 of Plaintiff's FAC, Defendant admits that Plaintiff is a natural person. However, Defendant is without knowledge to form a belief as to the truth of the allegations as to Plaintiff's residence and thereby denies this allegation at this time.

9. Answering Paragraph 9 of Plaintiff's FAC, Defendant admits that under certain circumstances it is considered a company engaged in the collection of debts in California. Except as specifically admitted herein, Defendant denies the rest of the allegations contained in Paragraph 9 of the Complaint, which lack foundation, are vague, ambiguous, and constitute legal conclusions.

10. Answering Paragraph 10 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which lack foundation, are vague, ambiguous, and constitute a legal conclusion.

11. Answering Paragraph 11 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which lack foundation, are vague, ambiguous, and constitute a legal conclusion.

12. Answering Paragraph 12 of Plaintiff's FAC, Defendant admits that it is a person who uses an instrumentality of interstate commerce or the mails in a business and admits that under certain circumstances it may be considered a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA; however, Defendant presently lacks sufficient knowledge to form a belief as to whether the financial obligations at issue were incurred primarily for personal, family or household purposes. Therefore, Defendant can neither admit nor deny whether it acted as a "debt collector" in this case. Except as specifically admitted herein, Defendant denies the remaining allegations in said paragraph as they constitute a legal conclusion.

13. Answering Paragraph 13 of Plaintiff's FAC, Defendant admits that Plaintiff is a natural person. However, Defendant denies the rest of the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

14. Answering Paragraph 14 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

///

15. Answering Paragraph 15 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

## FACTUAL ALLEGATIONS

16. Answering Paragraph 16 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

17. Answering Paragraph 17 of Plaintiff's FAC, Defendant lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which also lack foundation, are ambiguous, vague, and constitute a legal conclusion.

18. Answering Paragraph 18 of Plaintiff's FAC, Defendant lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which also lack foundation, are ambiguous, vague, and constitute a legal conclusion.

19. Answering Paragraph 19 of Plaintiff's FAC, Defendant lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which also lack foundation, are ambiguous, vague, and constitute a legal conclusion.

20. Answering Paragraph 20 of Plaintiff's FAC, Defendant lacks sufficient knowledge to either admit or deny the allegations in said paragraph,

which also lack foundation, are ambiguous, vague, and constitute a legal conclusion.

21. Answering Paragraph 21 of Plaintiff's FAC, Defendant lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which also lack foundation, are ambiguous, vague, and constitute a legal conclusion.

22. Answering Paragraph 22 of Plaintiff's FAC, Defendant lacks sufficient knowledge to either admit or deny the allegations in said paragraph, which also lack foundation, are ambiguous, vague, and constitute a legal conclusion.

23. Answering Paragraph 23 of Plaintiff's FAC, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendant. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them as they constitute a legal conclusion.

24. Answering Paragraph 24 of Plaintiff's FAC, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendant. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them as they constitute a legal conclusion.

25. Answering Paragraph 25 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

26. Answering Paragraph 26 of Plaintiff's FAC, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendant. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them as they constitute a legal conclusion.

27. Answering Paragraph 27 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

28. Answering Paragraph 28 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

29. Answering Paragraph 29 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

30. Answering Paragraph 30 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

31. Answering Paragraph 31 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

32. Answering Paragraph 32 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

33. Answering Paragraph 33 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

## CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. § § 1692 ET SEQ.

34. Answering Paragraph 34 of the Complaint, Defendant incorporates by reference their responses set forth in paragraph 1-33 above.

35. Answering Paragraph 35 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

36. Answering Paragraph 36 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

///

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (ROSENTHAL ACT)
## CAL. CIV. CODE § § 1788-1788.32

37. Answering Paragraph 37 of the Complaint, Defendant incorporates by reference their responses set forth in paragraph 1-36 above.

38. Answering Paragraph 38 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

39. Answering Paragraph 39 of Plaintiff's FAC, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

**PRAYER FOR RELIEF**

40. Answering Paragraph 40 of Plaintiff's FAC which contains Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the relief requested therein.

///

///

///

///

///

///

## **SECOND AFFIRMATIVE DEFENSE**

2. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statute of limitations.



# United States District Court
**SOUTHERN DISTRICT OF CALIFORNIA**

Nguyen

Plaintiff,

V.

HOVG, LLC et al

Defendant.

FILED
2014-06-20
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: R. Uran , Deputy

Civil No. 14cv0837-BTM-RBB

**STRICKEN DOCUMENT:**

Answer: Affirmative Defense

**Per Order #   24**

9



# United States District Court
**SOUTHERN DISTRICT OF CALIFORNIA**

Nguyen

**Plaintiff,**

V.

HOVG, LLC et al

**Defendant.**

```
FILED
2014-06-20
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:          R. Uran , Deputy
```

**Civil No.** 14cv0837-BTM-RBB

## STRICKEN DOCUMENT:
Answer: Affirmative Defense

**Per Order #   24**

9



# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Nguyen

Plaintiff,

V.

HOVG, LLC et al

Defendant.

FILED
2014-06-20
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: R. Uran , Deputy

Civil No. 14cv0837-BTM-RBB

**STRICKEN DOCUMENT:**

Answer: Affirmative Defense

**Per Order #   24**

9

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant HOVG, LLC d/b/a BAY AREA CREDIT SERVICE hereby requests a trial by jury in this case.

DATED: June 20, 2014          CARLSON & MESSER LLP

By: /s/ Tamar Gabriel
    David J. Kaminski
    Tamar Gabriel
    Attorneys for Defendant,
    HOVG, LLC d/b/a
    BAY AREA CREDIT SERVICE

# CERTIFICATE OF SERVICE

I hereby certify that on this **20th** day of **June, 2014**, a true and accurate copy of the foregoing **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the ECF system which will send notification of such filing to the following
E-mail address(es):
AndreVerdun@CrowleyLawGroup.com
eal@laguardialaw.com


/s/Tamar Gabriel
Tamar Gabriel

Certificate of Service