Andre L. Verdun (SBN 265436)
CROWLEY LAW GROUP
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
LAGUARDIA LAW
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff
Crystal Nguyen

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL NGUYEN an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>HOVG, LLC dba BAY AREA CREDIT SERVICE, and DOES 1-10,<br><br>      Defendants. | Case No.: 3:14-cv-837-BTM-RBB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>DATE: October 3, 2014<br>TIME: 11:00AM<br>Hon. Barry Ted Moskowitz<br><br>**NO ORAL ARGUMENT REQUESTED** |

-i-

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................ 1

II.  POINTS AND AUTHORITIES ..................................... 1

A. Affirmative Defenses must provide "Fair Notice" ................... 1

B. Defendant's First, Second, Seventh, and Eighth Affirmative Defenses should be Stricken because they are Not Actually Defenses .................. 4

   1.    Failure to State a Claim is an Improper Affirmative Defense ......... 4

   2.    Defendant Has Not Stated a Statute of Limitations Defense ......... 5

   3.    Defendant Has Not Stated a Bona Fide Error Defense ................. 6

C. As to the remaining Affirmative Defenses, they to should be Stricken Because They are Not Actually Defenses or do not provide "fair notice" .. 9

III.   CONCLUSION ....................................................... 15

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                                  *3:14-cv-837-BTM-RBB*

# <u>TABLE OF AUTHORITIES</u>

**Cases**

Barnes v. AT&T Pension Benefit Plan - Nonbargained Program, 2010 U.S. Dist. LEXIS 62515 at 18 (N.D. Cal. June 22, 2010) ...................................6

*Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283 (S.D. Fla. 2007) ................................................................................................................6

*Bradshaw v. Hilco Receivables, LLC*, 2010 U.S. Dist. LEXIS 75553 (D. Md. July 27, 2010) ...................................................................................10

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987).......................................................................................................4

*GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997) ..............................................................................................................10

*Gomez v. Toledo*, 446 U.S. 635 (1980) ....................................................4

*Grunley Walsh U.S., LLC v. Raap*, 2009 U.S. Dist. LEXIS 38609 (E.D. Va. May 6, 2009) .......................................................................................5

*Hanzlik v. Birach, 2009 U.S. Dist. LEXIS 63091* (E.D. Va. July 14, 2009) ...4

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kan. 2009) ...............1

*Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007) ......................................................................4

*Kaiser Aluminum & Chemical Sales, Inc. v. Avon-dale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982) .......................................................................4

*Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 (N.D. Ill. May 14, 2008*)* ...........................................................9, 10

*Mangum v. Action Collection Service, Inc.*, 575 F. 3d 935.........................7

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000) ...............................................................3

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                                    *3:14-cv-837-BTM-RBB*

*National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994)..........................................................................................10

*Polk, et al v. Legal Recovery Law Offices, et al,* 291 F.R.D. 485, (2013 WL 3147728) (S.D. Cal. 2012) .............................................................. passim

*Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265 (2d Cir. 1996) ............3

*Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009) ...5

*Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ......................................................5

*Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001).........3

*Weintraub v. Law Offices of Law Office of Patenaude & Felix, A.P.C.*, 3:13-cv-01032-W-RBB (S.D. Cal. 2013) .................................................. passim

*Wyshack v. City National Bank, 607 F.2d 824*.………………...………*passim*

**Statutes**

California Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code § 1788)........................................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(6) ...........................................................................1, 4, 5

Fed. R. Civ. P. 12(f) ...............................................................................1, 3, 4

Fed. R. Civ. P. 9...........................................................................................8

**Treatises**

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ...........................................................3, 4

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    *3:14-cv-837-BTM-RBB*

# I.     INTRODUCTION

In responding to Plaintiff's First Amended Complaint, Defendant HOVG, LLC, dba BAY AREA CREDIT SERVICE ("Defendant" or "HOVG"), filed an Answer to the First Amended Complaint (Docket # 9) (hereinafter "Answer"), containing various "Affirmative Defenses" identified as at p.10 – p.14:5 in the Answer.

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike the First through Eighteenth Affirmative defenses from Defendant's Answer on the grounds that Defendant has attempted to allege defenses which are not actually defenses, Defendant has raised immaterial defenses, and that the defenses are not pleaded with sufficient particularity to provide Plaintiff with "fair" notice. Moreover, the pleadings fail to raise the alleged defenses beyond the speculative level.

# II.     POINTS AND AUTHORITIES

## A. Affirmative Defenses must provide "Fair Notice"

After the Supreme Court altered the landscape for 12(b)(6) requirements in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009) the majority of courts to address the issue have concluded that the heightened pleading standards for claims for relief crafted in *Twombly* and *Iqbal* apply just as strictly to affirmative defenses. See, *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (collecting district-court cases from the Second, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits reaching this conclusion).

The Southern District of California, however, has so far declined to apply the *Twombly* standard to affirmative defenses. *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560 (S.D. Cal. 2012); *J&J Sports Prods., Inc.*

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    *3:14-cv-837-BTM-RBB*

*v. Scace*, 2011 WL 2132723, at 1 (S.D. Cal. 2011); *Polk, et al v. Legal Recovery Law Offices, et al,* 291 F.R.D. 485, (2013 WL 3147728) (S.D. Cal. 2012), as an example of a few.

This is not to say that plaintiffs are not entitled to "fair notice". Indeed, they are. *Polk, et al v. Legal Recovery Law Offices, et al,* 291 F.R.D. 485, (2013 WL 3147728) (S.D. Cal. 2012) (striking every affirmative defense in an FDCPA case for failure to provide "fair notice" after rejecting the *Twombly/Iqbal* standard to affirmative defenses)

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *2 (N.D.Cal.2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshack v. City National Bank, 607 F.2d 824* at 827 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added); *Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir.2010); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 Fed. Appx. 613, 615 (9th Cir.2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. See *Conley*, 355 U.S. at 47. Affirmative defenses are legally insufficient when they clearly lack merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility, LLC*, 657 F.Supp. 1140, 1149–50 (N.D.Cal.2009).

While Rule 12(f) motions may sometimes be disfavored as dilatory, they are appropriately granted where a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380,

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    *3:14-cv-837-BTM-RBB*

665 (2d ed. 1990)). Matters are appropriately stricken if they are "not properly supported by the facts alleged in the pleading." *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000); *Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996) (striking affirmative defense and noting that "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy"). Similarly, the Court should strike a defense "that is clearly insufficient as a matter of law." *Hanzlik v. Birach, 2009 U.S. Dist. LEXIS 63091* (E.D. Va. July 14, 2009), citing *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007); *Kaiser Aluminum & Chemical Sales, Inc. v. Avon-dale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

"Affirmative defenses plead matters extraneous to the plaintiff's *prima facie* case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987), citing *Gomez v. Toledo*, 446 U.S. 635, 640-641 (1980). In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009).

Since Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses, plaintiffs are entitled to fair notice of each defense and the grounds supporting it. *Grunley Walsh U.S., LLC v. Raap*, 2009 U.S. Dist. LEXIS 38609 (E.D. Va. May 6, 2009), citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

PROCEDURE § 1274 (3d ed. 2004). With that requirement in mind, courts evaluate a Rule 12(f) motion to strike against the same standard as a Rule 12(b)(6) motion to dismiss. *Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim.").

### B. Defendant's First, Second, Seventh, and Eighth Affirmative Defenses should be Stricken because they are Not Actually Defenses

The following "Affirmative Defenses" raised in Defendant's Answer should be stricken because they are not actually defenses:

#### 1. Failure to State a Claim is an Improper Affirmative Defense

Defendant alleges as its first affirmative defense that Plaintiff fails to state a claim upon which relief can be granted. (Answer p.10, ¶ 1). "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case." *Barnes v. AT&T Pension Benefit Plan - Nonbargained Program,* 2010 U.S. Dist. LEXIS 62515 at 18 (N.D. Cal. June 22, 2010) (Patel, J.).

Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense. *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007). See also, . See *Polk, et al v. Legal Recovery Law Offices, et al,* 291 F.R.D. 485, (2013 WL 3147728) (S.D. Cal. 2012) [The Court agrees with Plaintiffs that this simple identification of one of Defendants' defenses is insufficient to provide "fair notice." [cite omitted]. Although Defendants' pleading need not be supported by detailed factual

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    *3:14-cv-837-BTM-RBB*

allegations, it must at least give notice of the "grounds upon which it rests." [cite omitted].

Because "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense" it should be stricken from Defendant's Answer. *Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 2010 U.S. Dist. LEXIS 62515 at 18 (N.D. Cal. June 22, 2010) (Patel, J.).

### 2. DEFENDANT Has Not Stated a Statute of Limitations Defense

In the second affirmative defense its Answer, Defendant puts forth the affirmative defense that the complaint was brought beyond the expiration of the statute of limitations. Defendant's statute of limitations defense is insufficient as a matter of law for failure to plead responsive facts, stating only, "[a]s a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted." (Answer p.10, ¶ 2). This statement alone is insufficient to provide fair notice. See *Polk, et al v. Legal Recovery Law Offices, et al*, --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012) ["Defendants allege that Plaintiffs' claims are "barred by the applicable statute of limitations." Again, the Court agrees with Plaintiffs that this statement alone is insufficient to provide fair notice".]

In *Wyshak*, the Ninth Circuit was confronted with the same pleading. 607 F.2d at 827 ("plaintiff's claims are barred by the applicable statute of limitations."). In *Wyshack*, the court held that fair notice was provided because an attached memorandum identified the actual statute upon which the defense was based. *Id.* Here, Defendant does not identify the applicable statute in its answer, and attached no supplemental briefing on that point.

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

The statute of limitations for violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692k(d)) and the California Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code § 1788.30(f)) is one year. The statute of limitations is tolled until the Plaintiff discovered the FDCPA violation. *Mangum v. Action Collection Service, Inc.*, 575 F. 3d 935. Less than one year elapsed between the violations allegedly committed and the commencement of this action. Any conduct beyond the one year was outside the knowledge of the Plaintiff until within one year of this suit being filed. Therefore, Defendant cannot allege facts supporting a statute of limitations defense.

### 3. *Defendant Has Not Stated a Bona Fide Error Defense*

Defendant's seventh and eighth affirmative defenses in Defendant's Answer to Plaintiff's First Amended Complaint offers the following language – both essentially a asserting the *bona fide error* defense:

<u>Seventh Affirmative Defense</u>

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo,* that Defendant violated a statute as alleged in Plaintiffs Complaint, which presupposition Defendant denies, such violation was not negligent or intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. (Answer p.11, ¶ 7).

<u>Eighth Affirmative Defense</u>

As a separate, affirmative defense, Defendant alleges that, at all times alleged in Plaintiff s Complaint, it maintained reasonable procedures created to prevent violations of the RFDCPA and the FDCPA. (Answer p.11, ¶ 8).

Defendant merely asserts that it is entitled to this defense. Failure to provide a "factual basis" in support of an affirmative defense is justification

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    *3:14-cv-837-BTM-RBB*

for striking subject affirmative defense. Defendant has not pleaded this defense with sufficient detail to give fair notice because they fail to specify the mistakes or errors or what "procedures reasonably adapted to avoid any such errors" were maintained. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

In *Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012) the court stated when striking an asserted defense for bona fide error:

> [Bona fide error defenses] may be legally plausible affirmative defenses. However, the Court finds that Defendants have not pled them with sufficient detail to give fair notice because they fail to specify the mistake(s) or error(s) they refer to or what, if any, "procedures reasonably adapted to avoid any such error [or mistake]" were maintained. *Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

If the *bona fide error* defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere conclusory assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. Only then is the mistake entitled to be treated as one made in good faith.

The defense should be stricken because it does not contain a short and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule 8. Even before *Iqbal*, this result was reached in FDCPA cases.

Because the defense at issue deals with an alleged "mistake" -- a "bona fide error" in the statutory parlance -- Defendant is obligated to comply with both Fed. R. Civ. P. 8 and 9(b). The standard under Rule 9(b)

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    *3:14-cv-837-BTM-RBB*

requires parties to state the circumstances of a mistake with "particularity." *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 (N.D. Ill. May 14, 2008*); see also, Bradshaw v. Hilco Receivables, LLC*, 2010 U.S. Dist. LEXIS 75553 (D. Md. July 27, 2010) (striking *bona fide* error defense that was not plead with particularity as required by Fed. R. Civ. P. 9(b)).

Affirmative "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994).

The conclusory assertion of *bona fide* error, devoid of any facts, does not comply with the particularity requirement of Fed. R. Civ. P. 9(b), which mandates that "In all averments of . . . mistake, the circumstances constituting . . . mistake shall be stated with particularity." Defendant has not described how any mistake or error occurred. The rule requires particularity, not bald conclusory assertions. "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997); *Konewko vs. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist LEXIS 40685 (N.D. Ill. May 4, 2008) (bona fide error defense stricken for lack of particularity).

Pursuant to *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " 129 S. Ct. 1937, 1949. "Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *" Id.*

///

///

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

## C. As to the remaining Affirmative Defenses, they to should be Stricken Because They are Not Actually Defenses or do not provide "fair notice"

### 1. Third Affirmative Defense: Defendant Did Nothing Wrong

Defendant's Answer states, without citing to a single fact, "[a]s a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes…" (Answer p.10, ¶ 3). Without more, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendant's pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

### 2. Fourth Affirmative Defense: Standing

Defendant alleges "…that Plaintiff lacks standing to assert the claims for relief in the Complaint." (Answer p.10, ¶ 4). Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendant's pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

### 3. Fifth Affirmative and Sixth Affirmative Defenses: Good Faith

As a fifth affirmative defense, Defendant alleges:

> at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    *3:14-cv-837-BTM-RBB*

business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on information reasonably available. (Answer p.10, ¶ 5).

Defendant's sixth affirmative defense essentially restates its claim that it acted in good faith. (Answer p.11, ¶ 6).

Defendant offers the Court and the Plaintiff no factual basis whatsoever for its moving target affirmative defense of "good faith." Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken. Moreover the FDCPA is a strict liability statute. *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1175 (9th Cir. 2006) so "good faith" is not a valid defense. Therefore Defendant's fifth and sixth affirmative defenses should be stricken as Plaintiff has not been given "fair notice."

**4. Ninth Affirmative Defense: Limited Damages**

Defendant's Answer states as a separate affirmative defense, "…[d]efendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by, *inter alia,* FDCPA and the RFDCPA. (Answer p.12, ¶ 9). Without more, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendant's pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

///

///

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**5. Tenth Affirmative Defense: Unclean Hands, Waiver, Laches, and/or Estoppel**

Defendant's tenth affirmative defense merely alleges that, "Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver, and/or estoppel." (Answer p.12, ¶ 10). Without facts, these defenses are unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. Defendant's tenth affirmative defense should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendant's pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

**6. Eleventh Affirmative Defense: Proximate Cause**

Defendant's eleventh affirmative defense states that, "[p]laintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately or actually caused by any acts or omissions of Defendant." (Answer p.12, ¶ 11). Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken. Moreover the FDCPA is a strict liability statute. *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1175 (9th Cir. 2006) and as a result "proximate cause" cannot constitute a valid defense. Therefore Defendant's eleventh affirmative defenses should be stricken as improper and because Plaintiff has not been given "fair notice."

**7. Twelfth Affirmative Defense: Intervening and Superseding Acts of Others**

Defendant alleges that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage or injury of which Plaintiff complains. (Answer p.12, ¶ 12).

Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice." Defendant does not state who these third parties are, what they did and why they, and not the defendant, are liable. *See Wyshak*, 607 F.2d at 827. Defendant's pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

### 8. Thirteenth Affirmative Defense: Comparative Fault

Defendant alleges Plaintiff injuries alleged in the complaint, "…were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff's own conduct contributed to the cause of her alleged injuries, losses, or damages." (Answer p.12, ¶ 13). Without more, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendants' pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

///

///

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    3:14-cv-837-BTM-RBB

**9. Fourteenth Affirmative Defense: Preemption**

Defendant alleges that "…federal law pre-empts some or all of Plaintiff's claims and causes of action, and said claims and causes of action are therefore barred as a matter of law." (Answer p.13, ¶ 14). Without more, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendants' pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

**10. Fifteenth Affirmative Defense: Failure to Mitigate**

Defendant alleges only "…to the extent that Plaintiff claims to have suffered damages, which Defendant denies, Plaintiff has failed to mitigate any such claimed damages." (Answer p.13, ¶ 15).  Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendants' pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

**11. Sixteenth Affirmative Defense: Waiver**

Defendant alleges only "…the Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff' s own conduct, actions, omissions, and inaction which amount to and constitute a waiver of such claims and any relief sought thereby." (Answer p.13, ¶ 16).

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                                          *3:14-cv-837-BTM-RBB*

Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendants' pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

### 12.      Seventeenth Affirmative Defense: Jurisdiction or Venue

Defendant alleges only "…[p]laintiff's claims are barred to the extent the court lacks jurisdiction and/or the venue is improper." (Answer p.13, ¶ 17). Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken as Plaintiff has not been given "fair notice". *See Wyshak*, 607 F.2d at 827. Defendants' pleading must at least give notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See also, Polk, et al v. Legal Recovery Law Offices, et al,* --- F.R.D. ----, 2013 WL 3147728 (S.D. Cal. 2012).

### 13.      Eighteenth Affirmative Defense: Reserved Defenses

Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation. (Answer p.14, ¶ 18).

Merely reserving defenses is not an affirmative defense. *E.E.O.C. v. Timeless Investments*, Inc., 734 F.Supp. 2d 1035, 1055 (E.D. Cal. 2010). *Polk, et al v. Legal Recovery Law Offices, et al,* 291 F.R.D. 485, (2013 WL 3147728) (S.D. Cal. 2012)*, Weintraub v. Law Offices of Law Office of Patenaude & Felix, A.P.C.*, 3:13-cv-01032-W-RBB (S.D. Cal. 2013). Defendant may assert additional affirmative defenses later by amending

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                    *3:14-cv-837-BTM-RBB*

their pleadings pursuant to Rule 15. *See* Fed. R. Civ. P. 15; *Timeless Investments, Inc.*, 734 F.Supp. 2d at 1055 ("Rule 15 does not require a defendant to "expressly reserve" unnamed affirmative defenses in its answer.*"*). Defendants are either entitled to raise additional defenses at a later time or are not; "their right to reserve their right to do so is a legal nullity." *Global Mortg. Funding, Inc.*, 2008 WL 5264986 at *5.

Defendant cannot provide an unenumerated laundry list of affirmative defenses. Therefore, this affirmative defense should be stricken.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court strike each and every affirmative defense from Defendant's Answer (Docket #9).

Dated this: **July 21, 2014**                    **LAGUARDIA LAW**

                                                   s/Eric A. LaGuardia
                                                  Eric A. LaGuardia
                                                  Attorneys for the Plaintiff

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*Nguyen v. HOVG, LLC*                            *3:14-cv-837-BTM-RBB*