UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL NGUYEN,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>HOVG, LLC, dba BAY AREA CREDIT SERVICE, and Does 1 to 10,<br><br>　　　　　　　　　　　Defendants. | Case No. 14cv837 BTM(RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

Plaintiff has filed a motion to strike Defendant's affirmative defenses. Defendant has not filed an opposition to the motion. For the reasons discussed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

In Plaintiff's First Amended Complaint ("FAC"), Plaintiff alleges that Defendant is engaged in a business practice of demanding 10% interest from consumers without a judgment or contract authorizing the demand of interest. Plaintiff asserts claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, <u>et seq.</u>, and the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32.

On June 20, 2014, Defendant filed an Answer to the FAC. In the answer,

Defendant asserted eighteen affirmative defenses.

## II.  DISCUSSION

Plaintiff moves to strike all of Defendant's affirmative defenses on the grounds that they are legally insufficient and/or do not give Plaintiff fair notice. As discussed below, the Court agrees that most of Defendant's affirmative defenses should be stricken.

Under Fed. R. Civ. P. 12(f), a court may strike "an insufficient defense." According to the Ninth Circuit, "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." Roe v. City of San Diego, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "It does not, however, require a detailed statement of facts." Id.

Defendant appears to have asserted whatever defenses it can think of, whether applicable or not. Most of these affirmative defenses are not actually affirmative defenses or are pleaded so generally that they do not give Plaintiff fair notice of the nature or grounds for the defense. Specifically, the following defenses are not actual affirmative defenses, but, rather, pertain to whether Plaintiff can prove liability or damages:  First Affirmative Defense (failure to state a claim), Third Affirmative Defense (Defendant did not violate the FDCPA or RFDCPA), Fifth and Sixth Affirmative Defenses (good faith), Ninth Affirmative Defense (limitation of damages by FDCPA and RFDCPA), Eleventh Affirmative Defense (lack of proximate causation), Twelfth Affirmative Defense (damage caused by third parties), Thirteenth Affirmative Defense (contributory negligence), Fifteenth Affirmative Defense (faliure to mitigate), and Eighteenth Affirmative Defense (reservation of right to allege additional affirmative

defenses). The following defenses lack sufficient specificity to provide Plaintiff with fair notice: Fourth Affirmative Defense (lack of standing), Tenth Affirmative Defense (unclean, hands, laches, waiver, estoppel), Fourteenth Affirmative Defense (preemption), Seventeenth Affirmative Defense (lack of jurisdiction).

The Seventh and Eighth Affirmative Defenses allege "bona fide error" notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Under the FDCPA, a debt collector is shielded from liability upon a showing, by a preponderance of the evidence, "that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Because the bona fide error defense rests upon mistake, the circumstances surrounding the mistake must be stated with particularity. Fed. R. Civ. P. 9(b); see also Wiebe v. Zakheim & Lavrar, P.A., 2012 WL 5382181, at * 2 (M.D. Fla. Nov. 1, 2012); Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532, 537 (D. Md. July 27, 2010). However, Defendant has not stated any facts regarding the mistake that was made. Therefore, the Seventh and Eighth Affirmative Defenses are struck as well.

The Second Affirmative Defense alleges that Plaintiff's Complaint is barred by the applicable statute of limitations. Plaintiff's Complaint alleges violations of the FDCPA and RFDCPA, both of which have a one-year statute of limitations. Therefore, even though Defendant does not specify what statute of limitations applies, it is clear what statute of limitations Defendant is relying on.[1] Based on the facts alleged by Plaintiff, Plaintiff's claims are not time-

---

[1] Plaintiff points to Wyshak v. City National Bank, 607 F.2d 824 (9th Cir. 1979), where the Ninth Circuit held that the plaintiff received fair notice of the nature of the defendant's statute of limitations defense because attached to the motion for leave to amend answer was a memorandum that specifically mentioned Cal. Code Civ. Proc. § 338.1 as the statute of limitations upon which the defendant relied. However, Wyshak is distinguishable. In Wyshak, it was necessary for the defendant to identify the state statute of limitations upon which it was relying because the plaintiff was suing under the federal securities laws, which do not provide a statute of limitations for claims based upon violations of section 7(d) of the

barred. However, Defendant may dispute the timing of the alleged violations. See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (explaining that once an affirmative defense has been properly pled, a motion to strike should not be granted unless it "appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense"). Therefore, the Court denies the motion to strike as to Defendant's Second Affirmative Defense.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to all of the affirmative defenses except Defendant's Second Affirmative Defense. Defendant's First Affirmative Defense and Third Affirmative Defense through Eighteenth Affirmative Defense are **STRICKEN**. Defendant is granted leave to file an amended answer within 20 days of the entry of this Order.

**IT IS SO ORDERED.**

DATED: October 20, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

1934 Act. Id. at 826.