UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CRYSTAL NGUYEN, an individual,

Plaintiff,

v.

HOVG, LLC, dba BAY CREDIT
SERVICE, and DOES 1-10,

Defendants.

Case No.:  14cv837 BTM(RBB)

**ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR AN AWARD OF
ATTORNEY'S FEES**

Plaintiff Crystal Nguyen has filed a motion for an award of attorney's fees. For the reasons discussed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

On April 8, 2014, Plaintiff commenced this action against Defendant HOVG, LLC, dba Bay Credit Service.  Plaintiff's Complaint alleged that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") by (1) making false, deceptive, or misleading representations in connection with the collection of a debt; (2) making

1

1   false representations concerning the character, amount, or legal status of a debt;

2   and (3) collecting an amount when such amount was not expressly authorized by

3   the agreement creating the debt or permitted by law.

4        On June 10, 2014, Plaintiff filed a First Amended Complaint ("FAC").  In the

5   FAC, Plaintiff narrowed her claims, alleging that Defendant engaged in a business

6   plan and practice of demanding 10% interest from consumers without a judgment

7   or contract authorizing the demand of interest.

8        On July 21, 2014, Plaintiff filed a motion to strike the affirmative defenses in

9   Defendant's Answer to the FAC.  The Court granted Plaintiff's motion as to

10  seventeen affirmative defenses and denied the motion as to one affirmative

11  defense [Doc. 24].

12       On September 30, 2014, Defendant filed a motion to stay the action pending

13  the Ninth Circuit ruling in Diaz v. Kubler Corp., No. 14-55235, which dealt with the

14  issue whether, under California law, a debt collector must be entitled by a judgment

15  awarding prejudgment interest in order for the debt collector to be "permitted by

16  law" to collect prejudgment interest.

17       On November 20, 2014, Plaintiff filed a motion for leave to amend her

18  complaint to add class action allegations.

19       On November 26, 2014, before the Court had the opportunity to rule on the

20  pending motion to stay and motion to amend complaint, Plaintiff filed a Notice of

14cv837 BTM(RBB)

1  Acceptance of a Rule 68 Offer.   The terms of the Offer were that (1) "Judgment

2  shall be entered in the amount of Three Thousand and Two Dollars ($3,002.00)

3  for alleged damages to Plaintiff"; and (2) "Reasonable attorneys' fees and costs in

4  connection  with  Plaintiff's  above-referenced  action  are  to  be  added  to  the

5  Judgment as against Defendant.  Said fees and costs are to be in an amount as

6  agreed by counsel for the parties, or if they are unable to agree, as determined by

7  the Court, upon Motion."

8

9                                    **II.  DISCUSSION**

10       Plaintiff seeks attorney's fees in the amount of $52,301 as the "prevailing

11  party."   Although the Court agrees that Plaintiff is entitled to her reasonable

12  attorney's fees, the Court finds that the reasonable amount of fees is $41,350.

13       Both the FDCPA and Rosenthal Act mandate an award of reasonable

14  attorney's fees and costs to the prevailing party.  15 U.S.C. § 1692k(a)(3); Cal. Civ.

15  Code § 1788.30(c).  Furthermore, Defendant's Rule 68 Offer included reasonable

16  attorney's fees and costs.  Therefore, Plaintiff is entitled to an award of reasonable

17  attorney's fees.

18       Under federal fee-shifting statutes, the lodestar approach is the "guiding

19  light" in determining a reasonable fee.  <u>Perdue v. Kenny A.</u>, 599 U.S. 542, (2010).

20  To calculate the "lodestar," the court multiplies the appropriate hourly rate for the

work performed by the number of hours reasonably expended on the work.  Id. Although the lodestar calculation may be increased in "rare" and "exceptional" circumstances, there is a strong presumption that the lodestar amount is sufficient. Id. at 1673.   In appropriate cases, the court may adjust the "presumptively reasonable" lodestar figure based on the factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), that have not already been subsumed in the lodestar calculation.  Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993).

A.  Reasonable Hourly Rates

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-1211 (9th Cir. 1986).

Plaintiff seeks an hourly rate of $325 for Eric LaGuardia.  Based on his years of experience (Mr. LaGuardia graduated from law school in 2010) and specialization in FDCPA cases, the Court find that $325 is a reasonable hourly rate.  See Decl. of Michael Vallee (Ex. A to LaGuardia Decl.); United States

4

Consumer Law Attorney Fee Survey Report, 2010-2011 ("Fee Survey Report"), Ronald L. Burdge (Ex. B. to LaGuardia Decl.)[1]

The Court also finds that the requested rate of $350 per hour for Andre Verdun is reasonable. Mr. Verdun has over 5 years of experience and has litigated approximately 60 FDCPA cases to completion. (Verdun Decl. ¶ 9.) In 2011, his rate of $300 per hour was approved in <u>Stromme v. Legal Recovery Law Offices, Inc.</u>, Case No. 11cv2608 BEN(JMA). Given Mr. Verdun's additional years of experience, a $50 rate increase is not unreasonable. The reasonableness of the hourly rate is bolstered by statistics that in 2010, the average attorney hourly rate for consumer attorneys with 6-10 years of experience in California was $387. Fee Survey Report at 19.

In arguing that the rates of Mr. LaGuardia and Mr. Verdun are unreasonable, Defendant points to a few Central District of California cases, where attorneys were awarded hourly rates under $300. However, these cases do not establish that the rates sought here are unreasonable. In <u>Mayer v. RSB Equity Group, LLC</u>, 2011 WL 2650185 (C.D. Cal. July 5, 2011) and <u>McClenning v. NCO Fin. Sys.</u>, 2011 WL 1375161 (C.D. Cal. Apr. 11, 2011), the rates awarded were the **requested** rates

------

[1] The majority of district courts in California will consider the Fee Survey Report as evidence of prevailing hourly rates in FDCPA and Rosenthal Act cases. <u>See</u> <u>Davis v. Hollins Law</u>, 25 F. Supp. 3d 1292, 1299 (E.D. Cal. 2014) (citing district court cases that have relied on the report).

5

and the courts did not engage in any detailed analysis regarding prevailing rates for attorneys with similar experience and skill.  In <u>Montoya v. Creditors Interchange Receivable Mgmt., LLC</u>, 2011 WL 2437474 (C.D. Cal. June 17, 2011), the decision does not provide any information regarding the experience of the attorney in question.

The Court finds that slight adjustments to the requested rates for the attorneys and staff at Nicholas & Tomasevic LLP are warranted.  The requested rate for Craig Nicholas, founding partner of the firm with 20 years of experience, is $500 per hour.  However, other than the fact that a judge in the Southern District of Florida approved a $550 hourly rate for Mr. Nicholas, Plaintiff does not provide information establishing that the requested rate is reasonable when compared to prevailing rates in the community.   According to the Fee Survey Report, in 2010, the average attorney hourly rate for consumer attorneys in California with 16-20 years of practice was $419.  Looking at San Diego specifically, the United States Consumer Law Attorney Fee Survey Report 2010-2011, Top 10 Cities, 2nd Edition ("Top 10 Cities Report"), by Ronald L. Burdge[2], shows that in 2010, the average attorney rate for all attorneys was $398 and the 75% median attorney rate for all

_____

[2] This publication is available at: http://ncbankruptcyexpert.com/wp/wp-content/uploads/2013/01/TOP-TEN-Cities-Edition-US-Consumer-Law-Attorney-Fee-Survey-2010-11.pdf

14cv837 BTM(RBB)

attorneys was $437 (75% of survey participants reported an hourly rate lower than this number).   Based on this data, which admittedly does not provide specific information regarding current prevailing rates in San Diego, the Court finds that $450 is a reasonable rate for Mr. Nicholas.

The requested rate for Ms. Mei-Ying Imanaka, an associate at Nicholas & Tomasevic LLP, is $350.  Ms. Imanaka graduated from law school in 2011, and she has practiced less than five years.  The Court finds that $325, the approved rate for Mr. LaGuardia (who graduated from law school in 2010), is also reasonable for Ms. Imanaka.

Plaintiff requests $165 per hour for a law clerk and paralegal at the firm. According to the Top 10 Cities Report, in 2010, the average paralegal rate for all paralegals was $123.  The Court finds that $125 per hour is a reasonable hourly rate for the law clerk and paralegal.

B. <u>Hours Reasonably Worked</u>

In determining the lodestar, the district court should exclude hours that were not "reasonably expended."   <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983). "Cases may be overstaffed, and the skill and experience of lawyers vary widely," so a court must exclude fees for hours that are "excessive, redundant, or otherwise unnecessary." <u>Id.</u>

7

1   Defendant generally argues that Plaintiff over-litigated this case and acted

2   unreasonably in refusing to stay this case pending the outcome of the <u>Diaz</u> appeal[3]

3   and declining to engage in meaningful settlement discussions.  Defendant has not

4   provided evidence from which the Court can conclude that Plaintiff's attorneys

5   acted improperly with respect to settlement discussions.  As for Plaintiff's refusal

6   to stay this case despite having agreed to stay similar cases, Plaintiff was not

7   required to agree to a stay and was engaging in a reasonable litigation strategy.

8   Defendant argues that Plaintiff's counsel should not recover for work prior to

9   the filing of the Complaint because the factual and legal issues in the case are

10  virtually identical to those in the <u>Diaz</u> case.  However, Plaintiff did not narrow her

11  claims to the attempted collection of pre-judgment interest until her FAC.

12  Furthermore, Plaintiff's attorneys did not spend unreasonable amounts of time

13  meeting with the client and drafting the Complaint.

14  The Court will, however, deduct 3.3 hours of Mr. LaGuardia's time spent

15  meeting with Plaintiff and conducting an initial evaluation of the case.  Defendant

16  points out that Mr. LaGuardia's website states that potential clients are given a free

17  case evaluation.  Because the free evaluation is a way for Mr. LaGuardia to

18

19  _____

20      [3]  In an opinion filed on May 12, 2015, the Ninth Circuit reversed the district court's
    decision in <u>Diaz</u>.  The Ninth Circuit held that Cal. Civ. Code § 3287 can entitle a creditor to
    interest even without a prior judgment.  <u>Diaz v. Kubler Corp.</u>, 785 F.3d 1326 (9th Cir. 2015).

8

1  promote his services and obtain clients, the Court is of the opinion that fees for the

2  initial case evaluation should not be awarded.

3      Defendant argues that the Court should deny attorney's fees billed

4  following the date of the Offer of Judgment.  But the Offer of Judgment does not

5  restrict the award of attorney's fees to fees incurred prior to the Offer of

6  Judgment.  The Offer of Judgment provides for "[r]easonable attorneys' fees and

7  costs in connection with Plaintiff's above-referenced action."  Waivers or

8  limitations of attorney's fees in a Rule 68 offer of judgment must be clear and

9  unambiguous.  Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833 (9th Cir.

10  1997).  Plaintiff did not agree to waive her right to fees incurred after the Offer of

11  Judgment and is entitled to seek those fees.

12      Defendant points out that Plaintiff's counsel have billed for duplicative work

13  – i.e., two or sometimes three attorneys will bill for the same or similar tasks.

14  Defendant identifies approximately 2 ½ hours of billed time that is duplicative.

15  Plaintiff stipulates to a reduction of 1 hour from each of Plaintiff's firm's bills.  The

16  Court finds that this reduction will cover any duplicative billings.

17      Defendant argues that Plaintiff's counsel should not receive fees for

18  administrative work.  Although the Court agrees with the general proposition that

19  attorneys should not be compensated for purely administrative tasks, the time

20  entries challenged by Defendant do not fall within the category of purely

9

administrative work.  It is reasonable for an attorney to bill for researching entity information for a defendant and for speaking to the process server about how to serve the summons and complaint.

Including the deductions specified above, the Court has reduced the requested hours as set forth below:


**Eric LaGuardia**:

- • - 3.3 hours for initial communications with client and case evaluation.

- • - 3 hours for numerous entries of .1 or .2 for reviewing ECF Notices. The Court allows .6 hours for review of all of the notices of electronic filing.

- • - 1.5 hours for consecutive entries of .1 for exchanged emails or telephone calls/messages that cumulatively would not have taken as long as reflected on the bill.  See, e.g., billing entries on 8/15/2014: .1 for leaving client voicemail regarding conversion of ENE to telephonic attorneys only conference; .1 for follow-up email to voicemail to client; .1 for reviewing email from client confirming that she got the email and voicemail.

- • - .1 hour for revision of the class action fee agreement (10/29/2014). Although Plaintiff's counsel chose to consult and work with another law firm regarding the class action aspect of the case, the Court will not award fees for time spent working on the class action fee agreement.

10

1    ● - .2 hour for counsel mistakenly sending order to extend time to the

2    Magistrate Judge instead of the District Court Judge (5/14/14).

3    ● - 1 hour as agreed by Plaintiff for duplicate billings.

4

5    **<u>Andre Verdun</u>:**

6    ● - .3 for multiple entries of .1 for reviewing ECF Notices.  The Court will

7    allow .3 hours for review of all of the notices of electronic filing.

8    ● - 1 hour for consecutive entries of .1 or .2 for exchanged emails or

9    telephone calls/messages that cumulatively would not have taken as long as

10   reflected on the bill.

11   ● - 1.4 hours for time entries of .5 and .9 on 8/18/2014 for attending court

12   hearing.  According to Doc. 16, only Mr. LaGuardia attended the telephonic ENE.

13   ● - 1.5 hours for meeting with class counsel on 10/13/14.

14   ● - .9 hour for reviewing class action co-counsel agreement on 10/29/14.

15   ● - 2.5 hours on 10/31/14 for reviewing motion to stay action and legal

16   research regarding motion to stay because the opposition was already researched

17   and drafted by Mr. LaGuardia.

18   ● - .1 hour for phone conference with co-counsel on 2/27/15.

19   ● - 1 hour as agreed by Plaintiff for duplicate efforts.

20

11

14cv837 BTM(RBB)

1   **Nicholas & Tomasevic, LLP:**

2   ● - .2 hours billed by Mr. Nicholas on 10/16/14 for reviewing duties of class

3   representatives and contract of legal services.

4   ● 6.5 hours billed by Mr. Nicholas on 10/16/14 for researching factual basis

5   for complaint and researching FDCPA and Rosenthal Act will be awarded at Ms.

6   Imanaka's lower rate because this work could have been done by an associate.

7   ● - 1.6 hours billed by paralegal on 10/16/14 for reviewing class action

8   contract for legal services and duties of class representative.

9   ● - .3 hour (out of .4) billed by paralegal on 10/29/14 – excessive time for

10  creating a contact card for co-counsel and reviewing correspondence re: filing of

11  SAC.

12  ● - .4 hour (out of .6) billed by paralegal on 11/6/14 – excessive time for

13  preparing notices of appearance and filing them.

14  ● - 1.9 hours for excessive time billed on 11/10/14, 11/21/14, 11/24/14,

15  12/9/14, 1/14/15, 1/16/15, 1/26/15 for reviewing filings for dates and calendaring

16  deadlines.

17  ● - 1 hour of Ms. Imanaka's billed time for duplicate efforts as agreed by

18  Plaintiff.

19  ● - 3.2 hours for Alex Tomasevic, a partner with a billing rate of $400 per

20  hour, for reviewing and revising the motion for attorney's fees.  The Court has

12

awarded the fees requested by Eric LaGuardia for preparing the motion for attorney's fees (15.6 hours) and is not inclined to grant additional fees for this work.

● - 2 hours requested for Alex Tomasevic for anticipated work in preparing for and attending the hearing on the motion for attorney's fees.  There was no hearing on the motion.


## C.  Lodestar

Based on the reasonable hours and rates found by the Court, the lodestar is $41,350.

|  |  |  |
|---|---|---|
| Mr. LaGuardia:  65.8 hours x $325 = | $21,385 | |
| Mr. Verdun:  36.8 hours x $350 = | $12,880 | |
| Mr. Nicholas:  10 hours x $450 = | $  4,500 | |
| Ms. Imanaka:  7.3 hours x $ 325 = | $  2,372.50 | |
| Law Clerk:  .4 hours x $125 = | $       50.00 | |
| Paralegal:  1.3 x $125 = | $     162.50 | |

**Total:**    $41,350.00

The Court does not find that adjustment of the lodestar amount is warranted under the Kerr factors.

//

//

//

//

13

1

## III. __CONCLUSION__

2       For the reasons discussed above, Plaintiff's motion for attorney's fees is

3   **GRANTED IN PART** and **DENIED IN PART**.   The Court awards Plaintiff

4   reasonable attorney's fees in the amount of $41,350.00.   The Clerk shall enter

5   judgment for Plaintiff and against Defendant in the amount of $44,352.00

6   (consisting of $3,002.00 for damages per the terms of the Rule 68 Offer and

7   $41,350.00 in reasonable attorney's fees).

8   IT IS SO ORDERED.

9    Dated: September 15, 2015

10                                              Barry Ted Moskowitz, Chief Judge
                                                United States District Court

11

12

13

14

15

16

17

18

19

20

14